UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ARTHUR LOPEZ,

Plaintiff,

v.

COUNTY OF ORANGE, et al.,

Defendants.

Case No.:  25-CV-2761 JLS (BLM)

**ORDER:**

**(1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS,**

**(2) GRANTING MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS,**

**(3) DISMISSING COMPLAINT WITH LEAVE TO AMEND,**

**(4) DENYING AS MOOT REQUEST FOR APPOINTMENT OF COUNSEL, AND**

**(5) DENYING AS MOOT MOTION TO HAVE THE COURT DIRECT US MARSHALS TO PROVIDE SERVICE ON DEFENDANTS**

(ECF Nos. 1, 2, 3, 4, 5).

1

Presently before the Court are pro se Plaintiff Arthur Lopez's Complaint ("Compl.," ECF No. 1), Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.," ECF No. 2), Motion for Leave to Electronically File Documents ("E-File Mot.," ECF No. 3), Request for Appointment of Counsel ("Request for Counsel," ECF No. 4), and Motion to Have the Court Direct US Marshals to Provide Service on Defendants ("Service Mot.," ECF No. 5). Having carefully considered Plaintiff's Complaint and the law, the Court **GRANTS** Plaintiff's IFP Application, **GRANTS** Plaintiff's E-File Motion, **DISMISSES** Plaintiff's Complaint **WITH LEAVE TO AMEND**, **DENIES AS MOOT** Plaintiff's Request for Counsel, and **DENIES AS MOOT** Plaintiff's Motion for Service.

## *IN FORMA PAUPERIS* APPLICATION

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[1] 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).

Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

25-CV-2761 JLS (BLM)

requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by*, 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

In Plaintiff's IFP Application, Plaintiff states that his monthly income is $1,330.00. IFP Appl. at 2. Plaintiff lists no employer, savings of $1, and states his monthly expenses total $1,300.00. *See generally id.* The Court is satisfied that Plaintiff has adequately demonstrated that paying the $405 filing fee would result in his inability to afford the necessities of life. Accordingly, the Court **GRANTS** Plaintiff's IFP Application.

## MOTION TO ELECTRONICALLY FILE DOCUMENTS

Plaintiff seeks permission to electronically file in this case. E-File Mot. at 1. Generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System." S.D. Cal. CivLR 5.4(a). With respect to *pro se* litigants, however, "[u]nless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office . . . must be in legible, paper form." Office of the Clerk, United States District Court for the Southern District of California, *Electronic Case Filing Administrative Policies and Procedures Manual*, § 2(b) (Sept. 24, 2025) [hereinafter "ECF Manual].[2] "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to

---

[2] Available at:
https://www.casd.uscourts.gov/_assets/pdf/cmecf/Electronic%20Case%20Filing%20Procedures%20Manual.pdf.

25-CV-2761 JLS (BLM)

follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." *Id.*

The *ECF Manual* refers to the Court's official website for CM/ECF technical specifications, *id.* § 1(i), which include a "[c]omputer running on Windows or Macintosh"; "[s]oftware to convert documents from a word processor format to portable document format (PDF)," such as "Adobe Acrobat 7.0 and higher"; "[i]nternet access supporting a transfer rate of 56kb or higher"; a compatible browser, such as "Firefox 3.5, and Internet Explorer 6.0 and 7.0"; a "[s]canner to image non-computerized documents 400 pixels per inch (ppi)"; and a PACER account. United States District Court, Southern District of California, *CM/ECF Information: General Information*, https://www.casd.uscourts.gov/cmecf.aspx (last visited Oct. 23, 2025).

Here, Plaintiff has provided the required particulars about his access to technology conforming to the CM/ECF technical specifications noted above, and Plaintiff has agreed to be bound by the rules and policies in the *ECF Manual*. E-File Mot. at 1. Accordingly, the Court **GRANTS** Plaintiff's E-File Motion.

**SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

**I.    Legal Standard**

Because Plaintiff seeks to proceed IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). Under this statute, the Court *sua sponte* must dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from immune defendants. *See Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires pleading facts supporting a claim for relief, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678–79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Independently, Federal Rule of Civil Procedure 8 requires pleadings to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." *Id.* 8(d)(1). Rule 8 "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (citations omitted). A complaint which is "argumentative, prolix, replete with redundancy, and largely irrelevant" does not meet Rule 8's requirement of simplicity, directness, and clarity. *Id.* at 1177–78.

Further, courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). A district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988)).

///

25-CV-2761 JLS (BLM)

## II.    Discussion

Plaintiff appears to bring claims for: (1) violations under the California Tort Claims Act; (2) tortious interference; (3) negligence; (4) violations under the Americans with Disabilities Act; (5) fraud; (6) civil rights violations under 42 U.S.C. §§ 1983 and 1985; (7) infliction of emotional distress; (8) violations under the California Unruh Civil Rights Act; and (9) violations under the Bane Act.  ECF 1-1 at 1–4.

Plaintiff's allegations lack the requisite clarity to provide Defendants "fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (quotation and alteration omitted); *see also McHenry*, 84 F.3d at 1178 (explaining that a complaint lacking "simplicity, conciseness and clarity as to whom [a plaintiff is] suing for what wrongs, fails to perform the essential functions of a complaint").  As the Complaint fails to state a claim upon which relief may be granted, the Court must *sua sponte* dismiss it pursuant to 28 U.S.C. § 1915(e)(2).

However, as the nature of Plaintiff's claims is not fully comprehensible by the Court at this time, the Court cannot rule out the possibility that Plaintiff can plausibly allege facts addressing the deficiencies described in this Order.  Thus, the Court will grant Plaintiff leave to amend his complaint.

## CONCLUSION

In light of the above, the Court:

1.    **GRANTS** Plaintiff's IFP Application (ECF No. 2).

2.    **GRANTS** Plaintiff's Motion for Leave to Electronically File Documents (ECF No. 3).

3.    **DISMISSES** Plaintiff's Complaint (ECF No. 1) **WITHOUT PREJUDICE** for its failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).  Given Plaintiff's pro se status, the dismissal is **WITH LEAVE TO AMEND**. Plaintiff thus has <u>forty-five (45) days'</u> leave from the date of this Order to file an amended complaint curing the pleading deficiencies noted above.  Plaintiff is advised that an amended complaint supersedes the original complaint.  *Lacey v. Maricopa County*, 693

25-CV-2761 JLS (BLM)

F.3d 896, 927 (9th Cir. 2012). Any amended complaint must be complete in and of itself without reference to Plaintiff's original Complaint or FAC; claims not realleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend that are not realleged in an amended pleading may be "considered waived"). ***If Plaintiff fails to amend within the time provided, the Court will enter a final order dismissing this civil action.*** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

4.   **DENIES AS MOOT** Plaintiff's Request for Appointment of Counsel (ECF No. 4). If Plaintiff files an amended complaint as provided herein, he may file another request for appointment of counsel.

5.   **DENIES AS MOOT** Plaintiff's Motion to Have the Court Direct US Marshals to Provide Service on Defendants (ECF No. 5).

**IT IS SO ORDERED.**

Dated: March 19, 2026

Hon. Janis L. Sammartino
United States District Judge

25-CV-2761 JLS (BLM)