UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ARTHUR LOPEZ,

Plaintiff,

v.

COUNTY OF ORANGE, et al.,

Defendants.

Case No.: 25-CV-2761 JLS (BLM)

**ORDER (1) DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE AND (2) DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

(ECF Nos. 14, 15)

Presently before the Court is pro se Plaintiff Arthur Lopez's Amended Complaint ("FAC," ECF No. 14) and Motion for Leave to File Supplemental Complaint ("Mot.," ECF No. 15). Having carefully considered the FAC, the Motion, and the law, the Court **DISMISSES** Plaintiff's FAC **WITH LEAVE TO AMEND**, and **DENIES** Plaintiff's Motion.

## LEGAL STANDARD

Because Plaintiff seeks to proceed IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845,

845 (9th Cir. 2001) (per curiam) (holding "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). Under this statute, the Court *sua sponte* must dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from immune defendants. *See Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires pleading facts supporting a claim for relief, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678–79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Independently, Federal Rule of Civil Procedure 8 requires pleadings to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." *Id.* 8(d)(1). Rule 8 "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (citations omitted).

A complaint which is "argumentative, prolix, replete with redundancy, and largely irrelevant" does not meet Rule 8's requirement of simplicity, directness, and clarity. *Id.* at 1177–78.

Further, courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). A district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988)).

## DISCUSSION

### I. Plaintiff's FAC and Proposed Supplemental Complaint are Deficient

Plaintiff appears to bring claims for: (1) violations under the California Tort Claims Act; (2) violations under the Federal Tort Claims Act; (3) civil rights violations under 42 U.S.C. §§ 1983 and 1985; (4) infliction of emotional distress; and (5) violations under the California Bane Act. FAC at 1.

Plaintiff's FAC and Proposed Supplemental Complaint are riddled with conclusory allegations that lack the factual support required under Rule 12(b)(6). *See generally* FAC; Mot. Moreover, the allegations lack the requisite clarity to provide Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted); *see also McHenry*, 84 F.3d at 1178 (explaining that a complaint lacking "simplicity, conciseness and clarity as to whom [a plaintiff is] suing for what wrongs, fails to perform the essential functions of a complaint"). As the Complaint fails to state a claim upon which relief may be granted, the Court must *sua sponte* dismiss it pursuant to 28 U.S.C. § 1915(e)(2).

Although this is Plaintiff's second bite at the apple, the Court cannot rule out the possibility that Plaintiff can plausibly allege facts addressing the deficiencies described in this Order. Thus, the Court will grant Plaintiff one final chance to amend his complaint. Should Plaintiff file another complaint, the Court encourages him to make his claims as legible as possible to assist the Court in analyzing that complaint.

## II. Plaintiff is Ordered to Show Cause Why the Case Should Not be Dismissed with Prejudice for Lack of Venue

The Court may *sua sponte* raise venue if a defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff states claims against a wide range of Defendants. Although there is one Defendant located in the Southern District of California, FAC at 3, Plaintiff does not appear to make any allegations against that Defendant. *See generally id*. Further, not all of the Defendants reside in California, as one resides in Arizona and one in Washington D.C. *See id.* at 3–5. So Plaintiff cannot stake venue based on Defendants' residences. Next, it appears from the FAC that a substantial part of the events giving rise to Plaintiff's claims occurred in Orange County. Not only are the vast majority of Defendants located in Orange County, but that is also where Plaintiff's property at issue is located. Thus, venue seems more appropriate in the Central District of California. Plaintiff therefore cannot rely on § 1391(b)'s fallback provision. Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why the case should not be dismissed for lack of venue.

/ / /

/ / /

## CONCLUSION

In light of the above, the Court **DISMISSES** Plaintiff's FAC (ECF No. 14) **WITHOUT PREJUDICE** for its failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). Given Plaintiff's pro se status, the dismissal is **WITH LEAVE TO AMEND**. Plaintiff's Motion for Leave to File a Supplemental Complaint (ECF No. 15) is similarly **DENIED WITHOUT PREJUDICE**. Plaintiff thus has forty-five (45) days' leave from the date of this Order to file an amended complaint curing the pleading deficiencies noted above and showing cause for why the case should not be dismissed for lack of venue. Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Any amended complaint must be complete in and of itself without reference to Plaintiff's original Complaint or FAC; claims not realleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend that are not realleged in an amended pleading may be "considered waived"). ***If Plaintiff fails to amend within the time provided, the Court will enter a final order dismissing this civil action.*** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: October 5, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge